# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

TONY VENTO DELOACH											PLAINTIFF

NO. 1:17CV00068-JMV

COMMISSIONER OF SOCIAL SECURITY									DEFENDANT

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held June 19, 2018, the court finds the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence in the record. Specifically, the ALJ gave "greatest" weight to the functional assessment of Dr. Joe Cook, who opined in June 2015 that the claimant "could only perform a restricted range of light work due to diabetes and neuropathy." In relevant part, Dr. Cook opined the claimant could only "stand a total of 30 minutes uninterrupted . . . [and stand] a total of four hours in an 8-hour day." Nevertheless, the ALJ crafted an RFC that rendered the claimant capable of a "full range" of light work, albeit with certain postural, environmental, and mental

–1–

limitations. The ALJ provided no explanation, however, for rejecting the limitations on standing found by Dr. Cook. The ALJ's error was compounded to the extent the ALJ improperly rendered a decision of not disabled based upon grid rules instead of vocational expert testimony. *Cf. Lawler v. Heckler*, 761 F.2d 195, 197 (5th Cir. 1985) ("We have repeatedly held that the Secretary may rely on the medical-vocational guidelines to establish that work exists for a claimant only if the guidelines' 'evidentiary underpinnings coincide exactly with the evidence of disability appearing on the record.'") (citation omitted).

On remand, the ALJ must either provide an explanation, supported by substantial evidence already in the record, for rejecting the opinion of Dr. Cook or obtain vocational expert testimony on the issue of availability of jobs based upon the prior RFC found by the ALJ, amended by the limitation on standing found by Dr. Cook. In the instance the ALJ is able to explain the decision to reject Dr. Cook's standing limitations (with the support of substantial evidence from the record), the ALJ must either obtain vocational expert testimony on the issue of availability of jobs **or** fully explain, with the support of substantial evidence, any determination that the claimant's non-exertional limitations had "little or no effect on the occupational base of unskilled light work."

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 22nd day of June, 2018.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE